UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE 1, et al.,

       Plaintiffs,

                                    Civil Case No. 21-10649
v.                              Honorable Linda V. Parker

EASTERN MICHIGAN UNIVERSITY
BOARD OF REGENTS, et al.,

       Defendants.
_____/

### ORDER DENYING MOTION TO EXPEDITE BRIEFING

On October 6, 2021, Defendants Melody Werner, Kyle Martin, Robert Heighes, and Daniel Karrick ("Moving Defendants") moved to dismiss Plaintiffs' Amended Complaint.  (ECF No. 53.)  The Moving Defendants also filed, on the same date, a motion to "expedite" the briefing on their motion to dismiss.  (ECF No. 54.)  In fact, the Moving Defendants are only asking the Court to require the parties to follow the motion briefing schedule in the Local Rules for the Eastern District of Michigan.

As this Court states in its Practice Guidelines—which it advises all counsel early in a case to familiarize themselves with—"[t]he Court adheres to the briefing

schedule and page limits set forth in Local Rule 7.1."[1]  *See*

[http://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=46](http://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=46).

The Court also adheres to the Federal Rules of Civil Procedure, which provide a

mechanism for seeking an *extension* of a deadline when one is needed and the

applicable standard for deciding whether to grant or deny such a request.  These

are the very rules and standards on which the courts relied in the cases the Moving

Defendants cite in their brief.  *See, e.g., Schneider v. Ameriquest MDL Settlement

Admin.*, No. 11-cv-14254, 2012 WL 1721257, at *1 (E.D. Mich. May 16, 2012)

(applying Rule 6(b)'s "good cause" standard when denying the plaintiff's motion

for more time to file objections to the magistrate judge's report and

recommendation); *Commerce Benefits Grp., Inc. v. McKesson Corp.*, No. 1:07-cv-

2036, 2008 WL 440373, at * (N.D. Ohio Feb. 13, 2008) (same with respect to the

plaintiff's motion to enlarge time to conduct discovery, file a sur reply, and

produce an expert report).

It is unnecessary for parties to file motions asking the Court to adhere to

already applicable rules.  Such motions are an unnecessary expenditure of judicial

resources.

---

[1] The Court also strictly enforces the rule's requirement that parties seek
concurrence prior to filing motions.  *See* E.D. Mich. LR 7.1(a).  The Court
appreciates that the Moving Defendants adhered to this requirement before filing
the current motion.

Accordingly,

**IT IS ORDERED** that the Motion to Expedite Briefing (ECF No. 54) is

**DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: October 7, 2021